Tompkins, J.,
delivered the opinion of the Court.
Ravenscroft, the complainant, filed his bill in Chancery against Eli Shelby, in which he states that on 31st October, 1817, he purchased of Eli Shelby a certificate for a New Madrid location of 610 acres of land, commonly called a New Madrid certificate, numbered 206, &c., granted to Henry Masters, or his legal rejiresentatives y that Shelby and wife executed to him their deed of bargain and sale, without warranty, of which no exhibit is made; that the consideration paid was $1200 y that previously to the date of said certificate, one Reese Shelby had acquired the legal title to the tract of land in said certificate mentioned, and in that sense was the legal representative of said Henry Masters, and by virtue of said certificate would have had right to locate said 640 acres of land y that previous to the date of said certificate, viz: in the year 1808, the said Resse Shelby died intestate, whereby the right to make said location descended to his heirs at law y that said Eli Shelby, in order to induce him to purchase the certificate, represented to him that he, Eli Shelby, was the only heir at law of the said Reese Shelby, and that he, confiding in the representations, did purchase it, without any security y that the legal title thereto was in said Eli y that he has since discovered that there were other heirs, to wit: five brothers and sisters of the half blood, and asks relief.
The answer admits the sale of the certificate, and the consideration, as stated in the billy hut denies all fraudulent representations, and says that the complainant was,as. *497 he believes, well acquainted with all the persons who pretended a claim to the land in question, and. insists, his own title to it is good. The plaintiff replied to the answer. The parties went to trial, on the bill, answer and evidence. At the August term of the Circuit Court, for the year 1824, a decree was made for the complainant. The Court found it proved, by evidence given on the trial, that Reese Shelby died in July, 1807, but decided, that by the law of descents, then in force, land descended to the brothers and sisters, in equal shares, whether they were all of the whole blood, or partly of the whole, and partly of the half blood. At the May term of this Court, for the year 1825, this cause being then in this Court, on appeal, was remanded to the Circuit Court, with directions that a jury should be empannelled, to ascertain the time when Reese Shelby died, and how much Ravenscrqft had paid to the heirs, whose claims he had purchased. In making this order, this Court is now of opinion that it committed an error. It is the opinion of the Court, that the law of descents, as it existed in July, 1807, was materially changed, by our statute law, that went in-into force on 1st September, 1807, and this Court, believing that it has no power to make such decree on the facts found, under its order of May, 1825, as the Circuit Court could make, are of opinion, that the decree of the Circuit Court be reyersed, qnd that this cause be remanded for further proceedings,